UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Mario Talamante, et al.,

　　　　Plaintiffs

v.

Mortgage Portfolio Services, et al.,

　　　　Defendants

Case No.: 2:15-cv-971-JAD-GWF

**Order Denying Injunctive Relief**
**[Doc. 1-2]**

　　　　Plaintiffs are homeowners who filed this action in Nevada state court to stave off the foreclosure on their home based on allegations that the defendant lenders acted in bad faith, violated Nevada's Unfair Lending Practices Act, and "may not be the owners of the note and mortgage."[1] Plaintiffs filed suit on April 21, 2015, along with a motion for a temporary restraining order and preliminary injunction to "preserv[e] the status quo of possession of the real property" during the pendency of the lawsuit.[2] The state court set the motion for hearing at 8:30 a.m. on May 26, 2015.[3] Defendants removed this case to federal court on the last business day before the scheduled hearing. Obviously, the removal has resulted in the vacation of that state court hearing. *See* 28 U.S.C. § 1446(d).

　　　　I have reviewed the motion for temporary restraining order and preliminary injunction and/or stay order pursuant to NRS 598D.110.[4] The motion was prepared under Nevada's procedural rules and does not take into consideration the rules that apply in this court. I cannot determine from the motion whether it was filed as an ex parte or emergency request (on page two, counsel notes that

---

[1] Doc. 1-1 at 3–16.

[2] Doc. 1-2. On the same day, plaintiffs filed a notice of lis pendens. Doc. 1-3.

[3] Doc. 1-2 at 3.

[4] Doc. 1-2 at 4–14.

there are "exigent circumstances" preventing "prior notice"[5]) or in the normal course. And the motion is completely devoid of any argument or analysis: it is just five pages of block-quoted rules and statutes with no transitions, followed by a page of "factual background."[6] Plaintiffs attach the affidavit of Mario Talamante, who offers some facts, but the affidavit consists mostly of legal conclusions.[7]

The standards for granting a temporary restraining order and a preliminary injunction are the same.[8] Under Rule 65(d), "Every order granting an injunction . . . must: (a) state the reasons why it issued; (b) state its terms specifically; and (c) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."[9] "A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."[10] It is never granted as of right.[11] As the United States Supreme Court explained in *Winter v. Natural Resources Defense Council*, the district court inquires whether the movant has demonstrated: (1) a likelihood of success on the merits, (2) irreparable injury, (3) that remedies available at law are inadequate, (4) that the balance of hardships justify a remedy in

---

[5] Doc. 1-2 at 5.

[6] Doc. 1-2 at 4–12.

[7] Doc. 1-2 at 13.

[8] *See Stuhlbarg International Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Tootsie Roll Industries, Inc. v. Sathers, Inc.*, 666 F. Supp. 655, 658 (D. Del. 1987) (applying preliminary injunction standard to temporary retraining order issued with notice). Otherwise, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Board of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

[9] Fed. R. Civ. Proc. 65(d).

[10] *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (quotation omitted).

[11] *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008). *See also eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006).

equity, and (5) that the public interest would not be disserved by a favorable ruling.[12] "Although the restrictions imposed [on a Rule 65(b) request] . . . are stringent, they 'reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'"[13]

In short, plaintiffs' motion falls woefully short of the showing required of movants seeking injunctive relief. Plaintiffs do not mention the factors the court must consider, so it comes as no surprise they do not argue those factors are satisfied. Perhaps most notably, plaintiffs have not *said*—let alone *shown*—that irreparable harm will result unless an immediate injunction is entered. Although they claim they have "stated the grounds for a preliminary injunction stopping the foreclosure,"[14] they have not even told the court if or when the foreclosure is scheduled to occur. A more fundamental deficiency is hard to imagine.

Accordingly, IT IS HEREBY ORDERED that the motion for temporary restraining order and preliminary injunction and/or stay order pursuant to NRS 598D.110 **[Doc. 1-2 at 4] is DENIED** without prejudice to the filing of a properly supported motion that complies with the rules of this court.

DATED: May 26, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[12] *See Winter*, 555 U.S. at 20. Additionally, when a temporary restraining order is sought, as here, on an *ex parte* basis, the movant must set out: "(A) specific facts in an affidavit or verified compliant [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard; and (B) the movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required."

[13] *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (quoting *Granny Goose Foods, Inc.*, 415 U.S. at 438–39.

[14] Doc. 1-2 at 12.